UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV696-J

WILLIAM J. FERRIELL                                                            PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                   DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of William J. Ferriell ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On June 4, 2005, Claimant filed application for disability insurance benefits. After a hearing, an Administrative Law Judge ("ALJ") determined that Mr. Ferriell was disabled as of May 17, 2005. However, the ALJ stated that Mr. Ferriell's fully insured status expired December 31, 2005. On review, the Appeals Council found that Mr. Ferriell was last insured for disability benefits as of December 31, <u>2003</u>. Thus, as he was not in insured status by his onset date of May of 2005, the Appeals Counsel reversed the ALJ and denied benefits.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988)

ARGUMENTS ON THIS APPEAL

Plaintiff contends that the Appeals Council's consideration of the case was time-barred. He relies on 20 CFR 404.969. This section provides, in part, "Anytime within 60 days after the date of a decision or dismissal that is subject to review under this section, the Appeals Council may decide on its own motion to review the action that was taken in your case." The ALJ decision was issued in April of 2007, and the Appeals Council reopened the decision on September 14, 2007, beyond the sixty day period.

The Commissioner contends that CFR 404.969 is inapplicable in this case, because the Appeals Council did not undertake review on its own motion. Rather, the Appeals Council reopened the decision after the June 27, 2007 notification from the Assistant Regional Commissioner for Processing Center Operations that there had been an error in calculating date of insured status (Tr. 142). Upon being notified that the decision was being reopened, plaintiff did not object to the reopening. Instead, plaintiff filed a Request for Review of Hearing Decision/Order and pointed to amended tax returns that purportedly supported the later date of expiration of insurance status. Tr.

11.

Defendant contends that the reopening was conducted under CFR 404.988(a)-(b), which allows a decision to be reopened within four years upon a finding of "good cause."  The Court agrees that the four year period set out in CFR 404.988 would be meaningless if CFR 404.969 restricted reopening to a sixty day period.  As the Commissioner identified good cause for reopening the decision (i.e., misstatement of the date of expiration of insured status), and the reopening occurred within four years of the decision, the Court finds plaintiff's argument to be without merit.

Plaintiff next argues that the Appeals Council action violated his right to due process because he was denied a full and fair hearing.  In its notice of intention to reopen the ALJ decision, the Appeals Court pointed to the finding of disability onset on May 17, 2005, explained the significance of the ALJ's misstatement of the date of expiration of insured status, explained that plaintiff could submit additional evidence, and explained that plaintiff could ask for a personal appearance before the Appeals Council made its decision. Tr. 146-148.  In neither the plaintiff's September 2007 offer of revised tax returns nor plaintiff's Fact and Law Summary before this Court was there any challenge to the

ALJ's finding regarding date of onset of disability.

Thus, the question of whether the evidence indicated an earlier date of onset (which would be an issue of fact) is simply not before this Court, and the sole question is whether the plaintiff was provided a full opportunity for hearing regarding his income for the years 1999 and 2000.  There is no question that such opportunity was provided.  In response to the Appeals Council's invitation to submit additional material, the plaintiff pointed to his revised 1999 and 2000 tax returns, revisions that raised his income from $0 to $3510 for each of those years.  The record shows unambiguously

that the amended returns were not filed until November of 2005. That date was six months after he filed his application for disability benefits, and a full two and one-half years beyond the deadline for allowing alleged 1999 self-employment earnings to be credited for purposes of insured status computation. Tr. 8. Plaintiff's argument that he was denied due process of law is without merit.

As there was no error of law and the Appeals Council decision is supported by substantial evidence, the decision must be affirmed.